IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| GILES CARL ASKINS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:19-cv-00716 |
| ) | Judge Richardson / Frensley |
| CADILLAC POLICE DEPT., et al, ) | |
| ) | |
|     Defendants. ) | |

## REPORT AND RECOMMENDATION

Pending before the Court are three Motions to Dismiss for lack of jurisdiction: the first, filed by Defendant Cadillac Police Department; the second, filed by Defendants "Cadillac Circuit Court Judge" and "Cadillac County Government" (hereinafter "Wexford County Defendants"); and the third, filed by Defendant Cadillac Evening News (incorrectly identified in the Complaint as Cadillac Newspaper). Docket Nos. 14, 28, and 30. Each Motion is accompanied by a supporting Memorandum of Law. Docket Nos. 15, 29, 30-1.

As grounds for their Motions, Defendants argue that the Court lacks jurisdiction over this matter because: (1) all Defendants are entities located in Michigan, operating in Michigan, and have no connection to, much less minimum contacts in, Tennessee; (2) all facts and circumstances giving rise to Plaintiff's claim allegedly occurred in Michigan; (3) Plaintiff does not allege diverse citizenship; and (4) Plaintiff has not specified an amount in controversy. *Id.* Defendants note that the only reason Plaintiff filed suit in Tennessee is because he has since purportedly moved from Michigan to Tennessee, which is insufficient to establish a basis for jurisdiction in light of the foregoing, such that dismissal for lack of jurisdiction is warranted. *Id.*

Defendants argue that dismissal, rather than transfer, is the appropriate disposition of this action for the reasons that follow. *Id.* Defendant Cadillac Police Department argues that Plaintiff's Complaint contains no specific allegation of any action that violated Plaintiff's constitutional rights, nor does it allege any damages or make any demand for specific relief. *Id.* Accordingly, Defendant Cadillac Police Department asserts that Plaintiff's Complaint fails to state a claim against it under 42 U.S.C. §1983. *Id.* The Wexford County Defendants argue that Plaintiff does not allege that they violated any of his rights under federal law and that absent such allegations, Plaintiff cannot sustain his §1983 claim against them. Docket No. 29. The Wexford County Defendants additionally argue that the "Judge Circuit Court" and the "Prosecutor County Government" would be entitled to absolute immunity for any actions related to prosecutorial or judicial actions in criminal or mental health proceedings in Wexford County, Michigan. *Id.* Defendant Cadillac Evening News argues that it is not a state actor and therefore unable to violate Plaintiff's rights under §1983 and further argues that the relief Plaintiff seeks is for the Court to order Defendant Cadillac Evening News to publish Plaintiff's article in the newspaper, which is a relief that this Court cannot issue, as the First Amendment prevents the issuance of such an order. Docket No. 30-1.

Plaintiff has not responded to any of the instant Motions.

As an initial matter, Plaintiff has withdrawn his claims against Defendants Cadillac Police Department and "Cadillac County Government" (herein Wexford County Defendants). *See* Docket No. 12. In Docket No. 12, Plaintiff has submitted written on and scratched out copies of the Summons and his Complaint. *Id.* Across the Summons, Plaintiff has written, *inter alia*:

> declare this case <u>Null</u> and <u>Void</u>. dismiss to <u>Respectfully Judge, friend</u>. I am wrong! I repent. I am <u>sorry</u>, I am not <u>evil</u>. . . . The only Cases, I want to <u>address</u>, Cadillac Newspaper and receive <u>justice</u>, they were <u>wrong</u>! The Lord has put on my heart to write I am not a criminal. I have applied a double standard, wrong. I have did the same regarding applied double standard, Police Department, County Government. A <u>green card</u> is not needed. I will not pay back <u>evil</u> with <u>evil</u>. Romans 12:14-21.

*Id.*

Additionally, in the scratched out version of his Complaint submitted as part of Docket No. 12, next to listing "Cadillac Police Department" as a Defendant, Plaintiff has written "Null-Void." *Id.* Plaintiff has also written "Null-Void" next to his listing of "Cadillac County Government" as a Defendant. *Id.* Plaintiff has also written "Null, Void!" next to both the Cadillac Police Department and Cadillac County Government on the Certificate of Service page on his Complaint. *Id.* Because Plaintiff has expressly and unequivocally withdrawn his claims against the "Cadillac Police Department" and the "Cadillac County Government," the only claim that continues is Plaintiff's §1983 claim against Defendant Cadillac Evening News.

As a newspaper, Defendant Cadillac Evening News is not a state actor. Because Plaintiff does not allege action by a state actor, Plaintiff cannot sustain a claim under § 1983, and Plaintiff's claim against Defendant Cadillac Evening News should be dismissed. *See* 42 U.S.C. § 1983. Additionally, the undersigned notes that the relief Plaintiff seeks (namely, a Court Order mandating that Defendant Evening News publish Plaintiff's article) is relief that this Court cannot grant.

For the reasons set forth above, the undersigned recommends that the Motions to Dismiss from Defendants Cadillac Police Department and Wexford County (Docket Nos. 14, 28) be

3

DENIED AS MOOT, as Plaintiff has withdrawn his claims against them and declared that his claims against them are "null and void" (*see* Docket No. 12). The undersigned further recommends that the Motion to Dismiss filed by Defendant Cadillac Evening News (Docket No. 30) be GRANTED as it is not a state actor amenable to suit under §1983 and the Court cannot order the relief sought. In light of the foregoing, the undersigned recommends that this action be DISMISSED WITH PREJUDICE.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days after service of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have fourteen (14) days after service of any objections filed to this Report in which to file any response to said objections. Failure to file specific objections within fourteen (14) days of service of this Report and Recommendation can constitute a waiver of further appeal of this Recommendatin. *See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L. Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72.

JEFFERY S. FRENSLEY
United States Magistrate Judge